IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FARRUGIA,          )<br>                                                  )<br>            Plaintiff,            )<br>                                                  )<br>     v.                                       )<br>                                                  )<br>KEVIN P. ROONEY, BENJAMIN B. )<br>WAGNER, ELIZABETH EGAN,    )<br>BUREAU OF NARCOTIC           )<br>ENFORCEMENT, and Does 1-10, )<br>                                                  )<br>            Defendants.          )<br>_____) | 1:08-cv-0053 AWI<br>(1:92-cr-5164 AWI)<br><br>ORDER DENYING<br>RECONSIDERATION OF THE<br>COURT'S SCREENING<br>ORDER OF NOVEMBER 13,<br>2012<br><br>Doc. # 943 |

      On October 29, 2012, the court issued a memorandum opinion and order (the "October 29 Order") dismissing the "Fourth Amended Complaint," ( "4AC") which was filed by plaintiff Thomas Farrugia ("Farrugia" or "Plaintiff") on June 6, 2011.  Doc. # 34.  Plaintiff's 4AC sought to secure samples of "white powders" currently in the custody of the California Bureau of Narcotic Enforcement for "complete and accurate testing."  Currently before the court is Plaintiff's motion for reconsideration of the court's October 29 Order.  Plaintiff's motion is captioned as being pursuant to Rule 59(e) of the Federal Rules of Civil Procedure; a rule that pertains to motions that seek to alter or amend judgment.  Since Plaintiff's motion is styled as a motion for reconsideration, the court will deem it filed pursuant to Rule 60(b).

1    Rule 60(b) permits a district court to relieve a party from a final order or judgment on
2    grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an
3    adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."
4    The motion for reconsideration must be made within a reasonable time, in any event "not more
5    than one year after the judgment, order, or proceeding was entered or taken." Id.
6    Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick
7    Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th
8    Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing
9    nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City
10   of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other
11   grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d
12   214 (1988).
13   Plaintiff's 4AC was denied principally on the ground that Plaintiff had failed to show that
14   a more complete analysis of what the court referred to as the "Oakely and Lancaster Substances"
15   and what was apparently designated as "Trial Exhibits G-1 and 5-A," respectively, were material
16   to Plaintiff's effort to show actual innocence. Exhibit 5-A, or the Lancaster Substance was a
17   white powdery substance contained in a cardboard box that was found in a shed on property in
18   Lancaster, California, that the court understands served as the residence of co-defendant
19   Kapperman during the time relevant to Plaintiff's criminal charges. To some extent, Plaintiff's
20   motion for reconsideration clarifies Plaintiff's contentions regarding the relevance of a "complete
21   analysis" of the composition of the powdery Substances found at Plaintiff's Oakley residence and
22   at the Lancaster residence. Plaintiff has alleged from the outset that neither of the Substances
23   were from the pure "bait ephedrine" that co-defendant Kapperman was alleged to have purchased
24   in Fresno and transported to the Lancaster residence. Rather, Plaintiff has consistently alleged
25   that the substances recovered from the search of the Lancaster and Oakley residences consisted of
26   a mixture of chemicals containing ephedrine indicating that the Substances consisted of crushed-
27   up pills containing ephedrine. As the court pointed out in its October 29 Order, the composition
28   of the substances is irrelevant to Plaintiff's claim of actual innocence so long as the evidence

indicating that the Substance recovered from the Oakley residence did contain ephedrine and that it was in Plaintiff's possession was not refuted.

In his motion for reconsideration, Plaintiff presents affidavits by Linda Langer, who is the ex-daughter-in-law of Plaintiff's co-defendant in the criminal trial, Donald Kapperman. Affidavits are also included by Anthony Simone and Ronald Banks, both convicted co-defendants in the criminal proceeding. The affidavits by Simone and Banks are dated October 8, 1998, and June 10, 2004, respectively. The upshot of these two affidavits is that Plaintiff was unknown to both Banks and Simone and, by allegation, to the other members of the conspiracy. The court observes that the fact that Plaintiff was unknown to either Simone or Banks or both has no apparent relevance to Plaintiff's request for additional testing of either Substance. The upshot of the Langer affidavit is that the powdery substance recovered from the Lancaster residence is ephedrine-containing pills that were crushed and stored in a white cardboard box by members of the family of Kapperman's daughter-in-law while Kapperman was in Fresno between May 18 and 19, 1992. As the court stated in its October 29 Order, the central issue, so far as Plaintiff's effort to show actual innocence is concerned, is *possession*, not the chemical identity, of either Substance. Now, as before, the court is willing to assume for the sake of the present motion that the Oakley and Lancaster Substances were a mixture of chemicals containing ephedrine, and that neither were identical to the other or to the pure "bait" ephedrine. As before, the court notes that the now-presumed fact that the Substance Plaintiff was charged with possessing is not the same as the pure ephedrine it was alleged to be at trial fails to bring Plaintiff any closer to proof of actual innocence because it does not take Plaintiff any closer to showing that he did not possess ephedrine. At most, the facts set forth in the Langer affidavit can be interpreted to constitute some – although not convincing – evidence that *Kapperman* was not in possession of the Lancaster substance. Contrary to Plaintiff's contentions, Langer's affidavit has little, if anything, to do with Plaintiff's claim of actual innocence. Likewise, the affidavits of the co-defendants have no discernable connection to Plaintiff's contention that complete testing of the Substances will establish his actual innocence. The court remains unpersuaded that Plaintiff's argument of actual innocence is advanced at all by further testing of either Substance.

  As the court noted in its October 29 Order, Plaintiff is not entitled to troll for additional facts merely to contradict non-critical facts alleged by the government or to build up a marginally better case than may have been presented on his behalf at trial.  As the court stated, "'[a]ctual innocence' means *factual* innocence, not the mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  Plaintiff's argument fails now for the same reason as before; Plaintiff has failed to show how the requested testing of the Substances would materially advance his claim of actual innocence.  Because Plaintiff has failed to make any showing that this court's prior decision was erroneous or contrary to law, Plaintiff's request for reconsideration will be denied.

  THEREFORE, it is hereby ORDERED that motion deemed to be a motion for reconsideration pursuant to F.R.C.P. 60(b) that is filed at Docket Number 943 in Case Number 92-cr-5164 is hereby DENIED.  Cases Numbered 92-cr-5164 and 08-cv-0053 remain CLOSED. IT IS SO ORDERED.

Dated:   January 7, 2013

                UNITED STATES DISTRICT JUDGE