1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **1:12-CV-1766 AWI** |
| ) | **1:92-CR-5164 AWI** |
| **Plaintiff**, ) | |
| ) | **ORDER GRANTING MOTION** |
| **v.** ) | **TO FILE A LATE NOTICE OF** |
| ) | **APPEAL** |
| **DONALD KAPPERMAN**, ) | |
| ) | (Document # 958) |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

    In this criminal action, the court entered judgment against Defendant Donald Kapperman
("Kapperman").   On July 9, 2012, Kapperman filed a motion to set aside or correct his Sentence
pursuant to 28 U.S.C. § 2255.   On November 13, 2012, the court denied Plaintiff's motion for
relief pursuant to 28 U.S.C. § 2255.   Kapperman then filed a motion for reconsideration of this
order.   On January 1, 2013, the court denied Kapperman's motion for reconsideration.   On
February 1, 2013, Kapperman filed a pro se notice of appeal.    On February 28, 2013, the Ninth
Circuit held the appeal in abeyance and remanded the action to this court.    The Ninth Circuit
found as follows:

> Because the notice of appeal was filed more than 10 court days after entry of
> judgment, but within 30 calendar days after the expiration of the time to file the
> notice of appeal, this case is remanded to the district court, pursuant to circuit
> court policy, for the limited purpose of permitting the district court to provide
> appellant notice and an opportunity to request that the time for filing the notice of

appeal be extended for a period not to exceed 30 calendar days from the
expiration of the time for filing a notice of appeal based on a showing of
excusable neglect.

Pursuant to the Ninth Circuit's order, the court provided Kapperman with information that his

notice of appeal was not timely, but the court could extend the time to appeal based upon a

proper showing.

In a criminal case, a defendant's notice of appeal must be filed in the district court within

14 days after the entry of either the judgment or the order being appealed.  See Fed.R.App.P.

4(b).   However, Rule 4(b)(4) provides for an extension of time:

(4) *Motion for Extension of Time*. Upon a finding of excusable neglect or good
cause, the district court may—before or after the time has expired, with or without
motion and notice—extend the time to file a notice of appeal for a period not to
exceed 30 days from the expiration of the time otherwise prescribed by this Rule
4(b).

Fed.R.App.Pro. 4(b)(4)

Kapperman filed a motion to vacate, set aside, or correct his sentence pursuant to 28

U.S.C. § 2255.   The court denied Petitioner's motion on November 13, 2012.   On December 10,

2012, Kapperman filed a motion for reconsideration.   On January 8, 2013, the court denied the

motion for reconsideration.   On February 1, 2013, Kapperman filed a notice of appeal.   Because

the notice of appeal was filed more than 14 days after the court's entry of the order, it was not

timely under Federal Rule of Appellate Procedure 4(b)(1)(A).   However, the notice of appeal

was filed within 30 days after the expiration of the time to file a notice of appeal. See Fed. R.

App. P. 4(b)(4).

In this action, the court finds good cause for Kapperman's delay in filing his notice of

appeal.   In deciding good cause for delay, the factors the court should weigh are "danger of

prejudice to the non-moving party," the "length of delay and its potential impact on judicial

proceedings," the "reason for the delay, including whether it was within the reasonable control of

the movant," and "whether the moving party's conduct was in good faith."   Pincay v. Andrews,

389 F.3d 855 (9th Cir. 2004).

1    Kapperman contends, under penalty of perjury, that he is handicapped and because of his

2    medical condition he must use a third party's assistance when filing all pleadings with this court,

3    which slows down Kapperman's filings.  Courts have acknowledged that illness may provide

4    sufficient cause for dely.  See e.g., Committee for Idaho's High Desert v. Yost, 92 F.3d 814, 824

5    (9th Cir. 996) (citing possible examples of excusable neglect as illness, injury or death of counsel,

6    or family members); Habib v. General Motors Corp., 15 F.3d 72, 75 (6th Cir.1994) (finding good

7    cause to justify failure to timely serve in light of pro se plaintiff's medical claims and his

8    reasonable and diligent efforts to complete service); Islamic Republic of Iran v. Boeing Co., 739

9    F.2d 464, 465 (9th Cir.1984) (under "excusable neglect" standard of Fed.R.App.P. 4(a)(5), the

10   illness of counsel "may amount to extraordinary circumstances when the illness is so physically

11   and mentally disabling that counsel is unable to file the appeal");  LeMaster v. City of

12   Winnemucca, 113 F.R.D. 37, 39 (D.Nev. 1986) (plaintiff's counsel's illness requiring

13   chemotherapy and radiation treatments constituted good cause for 17-day delay in service).

14   While minimal, the court finds Kapperman's the evidence in both the pending motion and

15   Kapperman's other pleadings show good cause, and thus, the filed appeal should proceed.

16       Accordingly, the court ORDERS that:

17   1.    Donald Kapperman's motion to extend the time in which to file his notice of

18         appeal is GRANTED;

19   2.    The Clerk of the Court is DIRECTED to serve a courtesy copy of this order on:

20         The Ninth Circuit Court of Appeals
           Peter L. Shaw, Appellate Commissioner
21         Reference to Case 13-10055

22

23

24

     IT IS SO ORDERED.

25

26   Dated:    April 18, 2013                    _____

27                                               SENIOR  DISTRICT  JUDGE

28                              3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4