1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| 9 **DONALD KAPPERMAN and THOMAS FARRUGIA,** | **1:92-CR-05164-AWI-4 & 5** |
| 10 **Petitioners,** | **ORDER ADMINISTRATIVELY RESOLVING MISCELLANEOUS MOTIONS** |
| 11 | |
| 12 **vs.** | |
| 13 **UNITED STATES and BENJAMINE WAGNER,** | **Doc. #'s 947, 948, 951, 952 and 957** |
| 14 | |
| 15 **Respondent.** | |

16
17        The court has recently had occasion to review the Docket Report for this case due to the

18    motion by Thomas Farrugia ("Farrugia") for adjustment of his sentence pursuant to 18 U.S.C. §

19    3582(c)(2).  Doc. # 975.  The court notes that it previously denied the motions of Farrugia and

20    his codefendant Donald Kapperman ("Kapperman") for injunctive and declaratory on November

21    13, 2012, and denied reconsideration on January 8, 2013.  Between that time and the present,

22    court has had no occasion to review the Docket report in this case and consequently has not

23    addressed a number of motions by both Farrugia and Kapperman requesting various forms of

24    relief.  This order is intended to correct that oversight.

25        With regard to codefendant Kapperman, the motions requiring the court's attention are a

26    renewed motion for preservation of evidence, Doc. # 947, a motion for appointment of counsel,

27    Doc. # 948 and a motion to allow codefendant Farrugia to serve as attorney of record for

28    Kapperman.  Doc. # 957.

As noted in previous court orders, Petitioners Kapperman and Farrugia have put significant effort into the establishing that the "white powdery" substances recovered at Kapperman's Lancaster residence and at Farrugia's Oakley residence were chemically different from each other and different from the pure "bait" ephedrine sold to by the government agent in Fresno.  See Doc. 941 at 3-4 (explaining Kapperman's and Farrgia's allegations with regard to the "Fresno, Oakley and Lancaster substances").  Most recently, Farrugia and Kapperman moved pursuant to 28 U.S.C. § 2255 for declaratory and injunctive relief to obtain a court order directing the complete chemical testing of the Fresno Oakley and Landcaster substances.  Those motions were denied by the court's order of November 13, 2012 (the "November 13 Order").  Doc. # 941.  In that order the court noted that in order to overcome the one-year statutory limitations period for the filing of motions for relief under section 2255, a petitioner is required to allege facts to show he was actually innocent of the crimes for which he was convicted.  The court found that any resolution of the question of whether the Fresno, Oakley and Lancaster substances were different would not suffice to show actual innocence.  Kapperman's motion for reconsideration was denied on January 8, 2013.  Doc. # 946.

On January 22, 2013, Kapperman filed a "Renewed Motion for the Preservation of All Chemical Evidence, Doc. # 947, and a motion for appointment of counsel to "correct a miscarriage of justice."  Doc. # 948.  Kapperman thereafter filed notice of appeal of the court's November 13 Order.  These motions went unnoticed by the court.  However, had the motions timely come to the court's attention, they would have been denied because, as explained in the court's November 13 Order, the legal premise of Kapperman's argument regarding the chemical composition of the three substances was insufficient to show actual innocence as a matter of law. The court will belatedly correct its oversight by denying the motions at docket numbers 947 and 948.  Codefendant Farrugia made similar motions for preservation of chemical evidence at Docket Numbers 951 and 952.  Those motions will be denied for the same reasons.

On the same date that Kapperman moved for preservation of evidence, he moved for the appointment of counsel for the purpose of advancing his claim that Government had committed

<u>Brady</u> violation by refusing to carry out the complete chemical analysis of the three white powdery substances. Since the court's November 13 Order found that Kapperman's and Farrugia's contentions with regard to the identities of the white powdery substances, even if presumed true, were insufficient to show the "actual innocence" necessary to be excused from the one-year limitations period, the court concluded that there was no probability that Farrugia or Kapperman could possibly demonstrate entitlement to relief. Had the court timely considered Kapperman's motion for appointment of counsel, that motion would have been denied because the legal theory being pursued by Kapperman was meritless as a matter of law.

On March 4, 2013, Kapperman made a motion for the appointment of co-defendant Farrugia as Kapperman's counsel of record. Doc. # 957. Kapperman's motion makes it clear that Kapperman suffers complications of diabetes and his capacity to originate and pursue claims for post-conviction relief is substantially impaired. The court also notes that, after having moved for and been granted leave to file a late appeal of this court's denial of Kapperman's motion pursuant to 28 U.S.C. § 2255, Kapperman's appeal was dismissed because Kapperman failed to file an opening brief. Doc. # 964. Thus, there is ample evidence to show that Kapperman is not able to press his own claims for post-conviction relief. While courts generally recognize and accept that a significant proportion of pleadings submitted by prisoners are written by other prisoners who are not themselves attorneys; a court may not *recognize* a person who is not an attorney as functioning in the capacity of attorney for someone other than himself. <u>See</u> <u>United States v. Marthaler</u>, 571 F.2d 1104, 1104 (9th Cir. 1978) (noting that any claim by an individual that he is "entitled to act as attorney for others in civil cases although he is not an attorney has no basis in case law or statute").

Although the court cannot appoint Farrugia as Kapperman's Attorney of record, the court will recognize Kapperman's substantial impairment in representing his own interests in seeking post-conviction relief and will deem any motion filed by Farrugia that is found to have possible merit to have been filed by Kapperman as well unless the specific circumstances counsel otherwise.

THEREFORE, for the reasons discussed it is hereby ORDERED that the motions represented by Docket Numbers 947, 948, 951, 952 and 957 are each DENIED.

IT IS SO ORDERED.

Dated:   October 7, 2015        _____

SENIOR  DISTRICT  JUDGE

-4-